# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Stephen G. Burke,                        :
                                         :
                    Plaintiff,           :
          v.                             :          Civil Action No. 11-0717 (CKK)
                                         :
Harley Lappin *et al.*,                  :
                                         :
                    Defendants.          :

## MEMORANDUM OPINION

Plaintiff, a prisoner currently at the United States Penitentiary ("USP") in Lewisburg,

Pennyslvania, sues former Bureau of Prisons ("BOP") Director Harley Lappin and three other

BOP officials under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S.

388 (1971), the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, and the

First, Fifth and Eighth Amendments to the Constitution.   The complaint arises from the

conditions of plaintiff's confinement at the Federal Correctional Institution ("FCI") in Talladega,

Alabama, from which he was recently transferred.  In addition to Lappin, plaintiff sues Joyce

Conley, former Assistant BOP Director for Correctional  Programs, her apparent successor, D.

Scott Dodrill, and John Dignam, Chief of BOP's Office of Internal Affairs. *See* Compl. ¶¶ 7, 14,

15.  Plaintiff sues all of the defendants in their personal capacity for monetary damages and

Lappin and Dodrill also in their official capacity for declaratory and injunctive relief. *Id*. ¶ 8.

Defendants move to dismiss the complaint under Rules 12(b)(1) for lack of subject matter

jurisdiction, (b)(2) for lack of personal jurisdiction, (b)(3) for improper venue, (b)(5) for

insufficient service of process, and (b)(6) for failure to state a claim upon which relief can be

granted. *See* Mem. of P. & A. in Support of Defs.' Mot. to Dismiss Pl.'s Compl. ("Defs.'

Mem.") [Dkt. # 17] at 1.  Upon consideration of the parties' submissions, the Court finds that

(1) sovereign immunity bars the RFRA claim for damages, and (2) plaintiff has failed to state a

*Bivens* claim against the named defendants.  In addition, the Court finds that plaintiff's remaining First Amendment claim and claims for injunctive and declaratory relief are moot in light of his transfer from FCI Talledega, where the  claims arose.  Therefore, the Court will grant defendants' motion to dismiss the damages claims under Rules 12(b)(1) and (b)(6), deny plaintiff's pending motions, and dismiss the case in its entirety.[1]

## I.  BACKGROUND

Plaintiff brings the following three causes of action:  "Claim One: Violation of U.S. Const., Amend. I (Religious Accommodation and Exercise thereof) by defendants Lappin, Conley, Dodrill," Compl. ¶ 9;  "Claim Two: Violation of U.S. Const., Amend. V (Denial of Due Process) by defendants Lappin and Conley," *id*. ¶ 10; "Claim Three: Violation of U.S. Const. VIII (Conditions of Confinement) by defendants Lappin, Conley, Dodrill and Dignam," *id*. ¶ 11.

In Claim One, plaintiff states that he is a devout practitioner of Judaism who must consume only kosher foods "as set forth by the Laws of Kashruth," prepared in a manner that avoids contact with non-kosher foods.  Compl.  ¶¶ 16-18. "[F]or many years," BOP allegedly "provided [J]ewish inmates with a nutritional amount of fresh vegetables, fruits, and generally prepackaged hot or cold entrees from appropriate vendors." *Id*. ¶ 19.  However, in 2009, Lappin and Conley allegedly "approved" a change to the kosher offerings that "eliminate[d] all fresh vegetables, significantly reduce[d] fresh fruit, and convert[ed] entirely to prepackaged entrees,

---

[1]  Defendants note that dismissal is appropriate for lack of personal jurisdiction because plaintiff has not properly served the individual defendants with process.  *See* Defs.' Mem. at 8, n.4.  Because plaintiff is proceeding *in forma pauperis* and, thus, relying on the court officers to perfect service, the Court would not dismiss the complaint under either Rule 12(b)(2) or 12(b)(5) without first allowing plaintiff the opportunity to assist the court officers with curing the service deficiencies.  Therefore, to the extent that defendants have moved to dismiss on these grounds, the motion is denied.  In addition, defendants argue that as to the claims against defendants in their personal capacity, dismissal is appropriate on the ground of improper venue because the underlying events occurred in Alabama.  *See* Defs.' Mem. at 8-10.  While they are correct on this point, the Court need not address the venue question because the personal-capacity claims will be dismissed on the merits.

whole grain bread."[2] *Id*.  ¶ 20.  Allegedly, as a result of the change, plaintiff "'was repeatedly placed on [an] alternative diet program," that served him "a salami (non-kosher) sandwich, cheese sandwich, piece of fruit and container of milk." *Id*.  ¶ 22.  Plaintiff further alleges that "this meal was prepared in a manner allowing contact with non-kosher foods" and was delivered to his cell in an unsanitary manner. *Id*.  Because of the alleged "contamination" of his food, plaintiff alleges that he went "for days and weeks without consuming any meals subsisting upon water only . . . ." *Id*.  ¶ 23.

According to plaintiff, Lappin, Conley and Dodrill  "were made aware through letters, [administrative] appeals, [and] inquiries from member[s] of congress regarding the practices at [BOP] facilities [but] [they] took no action to abate the practices and to offer Plaintiff and others similarly situated a kosher diet." *Id*.  ¶¶ 24-25.

In Claim Two, plaintiff alleges that in November 2008, Lappin "promulgated Program Statement 5217.01 thus creating the SMU [Security Management Unit] Program." *Id*. ¶ 28. According to plaintiff "SMU inmates lack access to substantive educational or rehabilitative programs.  Televisions were installed, but were ordered left off by [] Lappin.  Phone, visitation and mail access [are] curtailed, censored, and highly monitored in SMU." *Id*. ¶ 31.  Following a hearing on March 16, 2009, conducted over plaintiff's objection, plaintiff was designated to the SMU where he "was subjected to the aforementioned conditions." *Id*. ¶ 36.

In Claim Three, plaintiff alleges that Lappin, Conley, and Dodrill were aware of the conditions at SMU but "failed to take any action to investigate or correct those conditions." *Id*.

---

[2]  Plaintiff does not dispute that the applicable policy, BOP Program Statement 4700.05, "has been unchanged since 2006, and was not changed in 2009 . . . ."  Defs.' Mem. at 17 & Ex. A.

¶ 39.  In addition, plaintiff faults Dignam for failing to investigate alleged misconduct by the staff of the Special Investigative Supervisor.  *Id*. ¶¶ 40-41.

Plaintiff filed this action in April 2011 while confined at FCI Talledega.  He seeks declaratory and injunctive relief and monetary damages exceeding $2 million.  *Id*. ¶¶ 43-46.

## II. DISCUSSION

### 1. Subject Matter Jurisdiction

Under the doctrine of sovereign immunity, "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Such consent may not be implied, but must be "unequivocally expressed."  *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992).  "RFRA does not waive the federal government's sovereign immunity for damages."  *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006).  The Court therefore will grant defendants' motion to dismiss the RFRA claim for damages under Rule 12(b)(1).

### 2. Failure to State a Claim

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  Under *Bivens*, "it is damages or nothing."  *Davis v. Passman*, 442 U.S. 228, 245 (1979) (citation and internal quotation marks omitted).  To be held liable under *Bivens*, the official must have participated personally in the alleged wrongdoing.  Liability cannot be based on a theory of vicarious liability or respondeat superior.  *See Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution."); *id*. (finding that "respondent correctly concedes that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Corr. Servs. Corp.*, 534 U.S. at 72 ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity . . . . [H]is only remedy lies against the individual[.]").

Since the filing of the complaint, plaintiff has clarified that contrary to defendants' characterization of the RFRA claim, he is not attacking BOP's national policy on kosher meals because allegedly the policy was not followed at FCI Talledega. *See* Pl.'s Response to Defs.' Opp'n to Pl.'s Mot. to Amend and for Discovery and Reply to Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Reply") [Dkt. # 28] at 1-4. Plaintiff also makes clear that he is "speak[ing] for myself and what happen[ed] to me at SMU Talladega." *Id*. at 3.

Plaintiff's constitutional claims are vague, but to the extent that he is asserting constitutional violations predicated on the paucity of the kosher food selections and the conditions of his confinement at FCI Talladega, he has not alleged sufficient facts for which the current and former high-level officials at BOP headquarters may be held liable. *See Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993) (concluding that a complaint naming Attorney General and the BOP Director as defendants based on theory of respondeat superior, without allegations specifying their involvement in the case, did not state *Bivens* claim against them); *Epps v. U.S. Att'y Gen.*, 575 F. Supp. 2d 232, 239 (D.D.C. 2008) ("A superior official cannot be held liable under . . . *Bivens* for the constitutional torts of employees under him or her; the common law theory of respondeat superior does not pertain to the federal government in this context.") (citing *Marshall v. Reno*, 915 F. Supp. 426, 429-30 (D.D.C. 1996)).

Plaintiff asserts that defendants were "notified personally" of the alleged wrongdoing by his exhaustion of "over 50 administrative remedies," Response to Defs.' Mot. to Dismiss [Dkt. # 23] at 4, and he finds it "totally unrealistic to believe that none of the defendants were not aware of the abuses taking place for almost 2 years at SMU Talladega." *Id*. But plaintiff's speculative argument – which would apply to all prisoners who have exhausted their administrative remedies with BOP – provides no basis for imposing personal liability on any of the named defendants who could not have possibly participated in the day-to-day decisions about plaintiff's confinement at FCI Talledega. *See Thomas v. U.S.* 779 F. Supp. 2d 154, 157-8 (D.D.C. 2011) (dismissing personal-capacity claim against BOP's Administrator of National Inmate Appeals where issuance of adverse decisions in response to grievances lacked "requisite personal involvement" in the alleged unconstitutional behavior). Furthermore, "a prison official's decision on an inmate grievance with respect to an alleged constitutional violation does not itself render him personally liable under *Bivens*." *Gonzalez v. Holder*, 763 F. Supp. 2d 145, 150 (D.D.C. 2011) (citations omitted). Therefore, the Court will deny as futile plaintiff's pending motion to amend the complaint to add as a defendant Harrell Watts, Administrator of National Inmate Appeals, and a claim based on Watts' adjudication of plaintiff's grievances. *See* Mot. to Amend Compl. [Dkt. # 22] at 1-2.

To the extent that plaintiff's claims for damages under the Fifth and Eighth amendments may be considered as brought against the named defendants in their official capacity and, thus, against the United States, they are foreclosed because the United States has not consented to be sued for constitutional torts. *See FDIC v. Meyer*, 510 U.S. 471, 475-79 (1994); *Dancy v. Dep't of Army*, 897 F.Supp. 612, 614 (D.D.C. 1995) (citing cases).

6

### 3. The Claims for Equitable Relief

*Bivens* does not "extend . . . to a claim sounding in the First Amendment," *Iqbal*, 556 U.S. at 1948 (citing *Bush v. Lucas*, 462 U.S. 367 (1983)), and injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally. *Corr. Servs. Corp.*, 534 U.S. at 74. Given plaintiff's clarification that the complaint is specific to his treatment at FCI Talladega, Pl.'s Reply at 1-4, his recent transfer from FCI Talledga renders his claims for injunctive and declaratory relief moot. *See Cameron*, 983 F.2d at 257 ("But as the district court found, Cameron's impending transfer to Leavenworth made the claim for an injunction moot."); *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) ("[T]he availability of [declaratory] relief presupposes the existence of a judicially remediable right.") (citations and internal quotation marks omitted; alteration in original). Therefore, the Court will dismiss the complaint in its entirety.[3]

### III. CONCLUSION

For the foregoing reasons, the Court will grant defendants' motion to dismiss under Rules 12(b)(1) and (b)(6), and will deny plaintiff's motion to amend the complaint. In addition, the Court will deny as moot plaintiff's motion for discovery to obtain the addresses of Conley,

---

[3] Any new claims arising from plaintiff's conditions of confinement at USP Lewisburg are properly brought in the United States District Court for the Middle District of Pennsylvania after he has exhausted his administrative remedies. *See Porter v. Nussle*, 122 S.Ct. 983, 992 (2002) (holding that "the [Prison Litigation Reform Act's] exhaustion requirement applies to all inmate suits about prison life. . . ."); *Cameron*, at 257 ("We think it is in the interest of justice to transfer the claims against appellees Kindt and DuBois to a district where venue is proper.") (citation omitted); *Thomas*, 779 F. Supp. 2d at 158-59 (deferring transfer of equitable claims arising from the alleged misconduct of officials at BOP facility in Terre Haute, Indiana, pending plaintiff's response to the Court's determination that transfer was warranted); *Poullard v. Fed. Bureau of Prisons*, 535 F. Supp. 2d 146, 149-50 (D.D.C. 2008) (transferring RFRA action to location where alleged acts occurred and where plaintiff was confined).

Dignam and Dodrill for purposes of serving them with process and his related motion for an

extension of time to supply said information.  A separate Order accompanies this Memorandum

Opinion.


                                       _____s/s_____

                                       COLLEEN KOLLAR-KOTELLY
                                       United States District Judge

DATE: October 21, 2011